1    JOHN W. HOWARD, State Bar No. 80200
2    JW Howard/Attorneys, LTD.
     625 Broadway, Suite 1206
3    San Diego, California 92101

4    Telephone:    (619) 234-2842
     Telefax:      (619) 234-1716

5    Attorneys for Plaintiff, Van Phillips

6

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10    VAN PHILLIPS

11             Plaintiff,           Case No. C 07 3305 SI

12           -v-

13                     **COMPLAINT FOR COMMON LAW**
     JOHN D. DIAMOND, DIAMOND     **ACCOUNTING AND UNJUST**
14    PHILLIPS, INCORPORATED, an Illinois   **ENRICHMENT**
     Corporation, AND DOES 1 THROUGH
15    50, INCLUSIVE

16                      (DEMAND FOR JURY TRIAL)

17            Defendants.

18

19

20

21        1.      Plaintiff, Van Phillips, is and was at all times mentioned herein, a citizen of the

22    State of California in the County of Mendocino.

23        2.      Defendant John D. Diamond is and was at all times mentioned herein a citizen

24    of the State of Utah.

25        3.      Defendant Diamond Phillips, Incorporated is a corporation incorporated under

26

27

28

the laws of the State of Illinois, having its principal place of business in the State of Utah.

4.     Venue is proper in this Court, as plaintiff resides in this district and the claim arose in this district.

5.     Defendants herein provided architectural and other professional services related to four separate construction projects on real property owned by Plaintiff.

6.     The four projects include: the renovation and new addition to a farmhouse on Navarro Ridge Ranch in Albion, California; renovation of a home known as Sausalito Main House; renovation of a project known as the Green House, located in Mendocino, California; and, renovation and new addition construction of a structure known as the Tea House in Albion, California.

7.     In addition, Defendants herein ordered construction materials for the four construction projects described above. Those construction materials included, but may not be limited to, windows, doors, plumbing fixtures and appliances (herein after collectively referred to as "Construction Materials.")

8.     Defendants charged Plaintiff for large amounts of Construction Materials that P, are being stored in Utah in a warehouse owned by a third party . Because these Construction Materials are not in Plaintiff's custody or control, he is unaware of the exact quantity and value of Construction Materials paid for by him.

9.     To date, Defendants have failed to provide sufficient documentation by way of purchase orders, work orders, invoices, receipts, etc. to determine what materials were purchased and for how much. As such, Plaintiff alleges that Defendants owe Plaintiff money, consisting of refunds, for Construction Materials not purchased. Defendants' failure to account

for said Construction Materials to the Plaintiff necessitates the need for an accounting of

property to determine the true amount of purchases.

First Count

**COMMON LAW ACCOUNTING**

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED
AND DOES 1 THROUGH 50, INCLUSIVE)

10.     Plaintiff realleges and incorporates by reference each and every allegation of the

above paragraphs 1 through 9 inclusive, as if fully set forth herein.

11.     Plaintiff is informed and believes and thereon alleges that JOHN D.

DIAMOND, DIAMOND PHILLIPS, INCORPORATED AND DOES 1 THROUGH 50,

INCLUSIVE are fiduciaries of plaintiff herein, as Defendants are in a position of trust and

confidence upon which Plaintiff reasonably relied.  Plaintiff relied upon Defendants

professional expertise and paid Defendants for Construction Materials that were supposed to be

appropriate and necessary for the job.

12.     Plaintiff is informed and believes and thereon alleges that due to Defendants

failure to account for Construction Materials that plaintiff paid for, that Defendants owe

plaintiff money in an amount of which the plaintiff is ignorant and that can only be ascertained

by an accounting.

13.     Additionally, Plaintiff is not in possession of the allegedly ordered Construction

Materials which paid for by Plaintiff, and as a result, it is necessary to compel the Defendants

to account for this property.   Said property consisting of Construction Materials is not in

Plaintiff's possession or control.

14.    In order to determine whether Defendants owe Plaintiff money for payment of Construction Materials, an accounting of property is necessary.

Second Count

## UNJUST ENRICHMENT

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED
AND DOES 1 THROUGH 50, INCLUSIVE)

15.    Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 9, and 11 through 14 inclusive, as if fully set forth herein.

16.    Plaintiff is informed and believes and thereon alleges that Defendants either overcharged Plaintiff for the Construction Materials or charged Plaintiff for Construction Materials that were never purchased. Therefore, Plaintiff alleges that Defendants have been unjustly enriched as they improperly obtained a financial benefit from Plaintiff's payment to Defendants for said Construction Materials.

17.    Plaintiff seeks restitution against Defendants for the recovery of those ill-gotten gains in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment as follows:

ON THE FIRST COUNT:

1.    For an accounting of monies owed;

2.    For an accounting of property paid for by the Plaintiff;

3.    For a judgment against defendants John D. Diamond, Diamond Phillips,

Incorporated and Does 1 through 50 inclusive, for monies owed to the plaintiff

in an amount to be proven at trial.

    4.    For costs of suit.

## ON THE SECOND COUNT:

    1.    For restitution for ill-gotten gains for Construction Materials to be paid by all

Defendants to Plaintiff in an amount to be proven at trial.

    2.    For costs of suit.

## ON ALL COUNTS:

    1.  For such other relief that the court considers just and proper.

Dated:  June 21, 2007

              John W. Howard
              Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the *Federal Rules of Civil Procedure*.

              John W. Howard
              Attorney for Plaintiff

COMPLAINT FOR COMMON LAW ACCOUNTING