JOHN W. HOWARD, State Bar No. 80200
MICHELLE D. VOLK, State Bar No. 217151
JW Howard/Attorneys, LTD.
625 Broadway, Suite 1206
San Diego, California 92101

Telephone:   (619) 234-2842
Telefax:     (619) 234-1716

Attorneys for Plaintiff, Van Phillips

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN PHILLIPS<br>　　　　Plaintiff,<br><br>　　　　-v-<br><br>JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED, an Illinois Corporation, AND DOES 1 THROUGH 50, INCLUSIVE<br><br>　　　　Defendants. | Case No. C073305 SI<br><br>**FIRST AMENDED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, CONVERSION, COMMON LAW ACCOUNTING, AND UNJUST ENRICHMENT**<br><br>(DEMAND FOR JURY TRIAL) |

1.  Plaintiff, Van Phillips, is and was at all times mentioned herein, a citizen of the State of California in the County of Mendocino.

2.  Defendant John D. Diamond is and was at all times mentioned herein a citizen of the State of Utah.

3.  Defendant Diamond Phillips, Incorporated is a corporation incorporated under

---

1
FIRST AMENDED COMPLAINT

*Case No. C073305 SI*

the laws of the State of Illinois, having its principal place of business in the State of Utah.

4. Venue is proper in this Court, as Plaintiff resides in this district and the claim arose in this district.

5. Plaintiff hired the Defendants herein to provide architectural, engineering and interior design services for several construction projects situated on real property owned by Plaintiff. Defendants were to provide architectural, engineering and interior design work product (collectively, "Work Product") for Plaintiff's projects.

6. These construction projects (collectively referred to as "Projects"), all located in California, are more specifically described as: the Farmhouse on Navarro Ridge Road in Albion; Sausalito Guest House and Sausalito Main House on San Carlos Avenue in the City of Sausalito; the Green House located in Mendocino; the Tea House in Albion, Stillwell Point (also known as Buckhorn Cove); The Ropes in the City of Little River; Old Fellows Hall on Ukiah Street in Mendocino; and the Gray House on Navarro Ridge Road in Albion.

7. In late 2004, early 2005, Defendants represented to Plaintiff that he could provide doors and windows for Plaintiff's various Projects at cost. Defendants claimed that he could get the doors and windows through Contractors Window Supply (CWS) in Utah and that Plaintiff would not have to pay California sales tax. Later on, Defendants made repeated statements to Plaintiff that he had saved and was saving Plaintiff a considerable amount of money by purchasing the doors and windows for him through CWS. These representations were false.

8. Defendants herein ordered construction materials for the Projects described above. Those construction materials included, but are not limited to, windows, doors, plumbing fixtures and appliances (herein after collectively referred to as "Construction

Materials.") Defendants never ordered or delivered the plumbing fixtures and appliances to the Plaintiff. Defendants invoiced Plaintiff for the doors and windows in amounts which were above the cost charged to the Defendants. Plaintiff paid the majority of these invoices. Just recently, Defendants have submitted Diamond Phillips invoices to Plaintiff which contain surcharges and Utah sales tax for the doors and windows ordered through CWS. These surcharges and taxes, which do not appear on any CWS invoices, were never agreed to and were never disclosed at the time of the oral agreement. In fact, these surcharges and taxes were not included in the original Diamond Phillips invoices that Plaintiff paid in full. Rather, they appeared on summary statements submitted to Plaintiff a year and a half after the original Diamond Phillips invoices.

9.  Defendants charged Plaintiff for large amounts of doors and windows that are being stored in a Utah warehouse owned by a third party. In addition, Plaintiff has no knowledge of where the plumbing fixtures and appliances are being kept, if they exist. Because these Construction Materials are not in Plaintiff's custody or control, he is unaware of the exact quantity and value of Construction Materials that are being stored in Utah.

10. To date, Defendants failed to provide sufficient documentation by way of purchase orders, work orders, invoices, receipts, etc. to determine what Construction Materials were purchased and for how much. Defendants did this to conceal the fraud of overcharging Plaintiff for the Construction Materials.

11. Defendants have also failed to produce all Work Product that Plaintiff paid for in full. Consequently, it is unclear how much work, if any, the Defendants performed as to each Project.

12. Plaintiff alleges that Defendants owe him refunds for Construction Materials not purchased. Defendants also owe Plaintiff refunds for overcharging him for the doors and windows in amounts greater than the actual cost price. Defendants' failure to account for said Construction Materials to the Plaintiff necessitates the need for an accounting of property to determine the true amount of purchases and their value.

First Count

**FRAUD—FALSE PROMISE**

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED AND DOES 1 THROUGH 50, INCLUSIVE)

13. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 12 inclusive, as if fully set forth herein.

14. Defendants promised Plaintiff that they would provide Construction Materials for Plaintiff at cost. Defendants led Plaintiff to believe that he would only have to pay the cost price of the Construction Materials with no mark up. Defendants also told Plaintiff that if they provided the doors and windows (through CWS) Plaintiff would avoid paying the marked-up price of the doors and windows if he purchased them through a contractor. Defendants continually reinforced this false promise by telling Plaintiff on several occasions that they were saving him money. In addition, Defendants promised they would provide the Work Product for Plaintiff's Projects. These promises were important to the transaction. Plaintiff relied on Defendants' promises.

15. Defendants did not intend to perform these promises when they made them. Defendants intended that Plaintiff rely on these promises. Plaintiff reasonably relied on these promises and agreed to hire Defendants to provide the Work Product and order the Construction Materials. Defendants did not perform the promised acts.

16. In addition, Defendants concealed the true facts to prevent Plaintiff from learning about Defendants false promises. Defendants caused false CWS invoices to be created and provided those over inflated invoices to the Plaintiff. The purpose for doing so was to induce Plaintiff to pay more money to the Defendants for the doors and windows than was originally agreed upon. In addition, Defendants used these invoices to conceal their fraudulent acts from the Plaintiff. Accordingly, Plaintiff did not discover the fraud until long after he paid Defendants' invoices for the Work Product and the Construction Materials.

17. As a result of the Defendants' acts, Plaintiff was harmed. Plaintiff's reliance on Defendants' promise was a substantial factor in causing his harm. The full amount of Plaintiffs' damages is currently unknown as a full accounting has not yet been performed. The entirety of Plaintiff's damages will be proven at trial.

18. By reason of the foregoing, Defendants acted with malice, fraud and/or oppression and as such, Plaintiff is entitled to an award of punitive damages in a sum according to proof at trial.

Second Count

**BREACH OF ORAL CONTRACT**

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED AND DOES 1 THROUGH 50, INCLUSIVE)

19. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 12, and 14 through 18, inclusive, as if fully set forth herein.

20. Plaintiff and Defendants entered into an oral contract whereby Defendants agreed to provide architectural and engineering services and Work Product in exchange for

money. In addition, Defendants agreed to order Construction Materials for Plaintiff. Defendants agreed to provide the doors and windows to Plaintiff at cost.

21. Plaintiff did all, or substantially all of the significant things that the contract required him to do. That is, Plaintiff paid for the services, Work Product and Construction Materials. As such, all conditions required for Defendant's performance had occurred.

22. Defendants failed to perform the services under the oral agreement by failing to produce the Work Product paid for, failing to order certain Construction Materials and failing to provide the doors and windows ordered at cost. As a result of that failure, Plaintiff was harmed in an amount to be proven at the time of trial.

### Third Count

### **CONVERSION**

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED
AND DOES 1 THROUGH 50, INCLUSIVE)

23. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 12, 14 through 18, and 20 through 22 inclusive, as if fully set forth herein.

24. Plaintiff owned and had a right to possess all the Work Product and Construction Materials that he paid for. In some instances, Plaintiff paid Defendants for Work Product that was never completed and for Construction Materials that were never ordered. Thus, Defendants wrongfully converted Plaintiff's money for their own benefit for long periods of time.

25. Defendants intentionally took possession of Plaintiffs' money, Work Product, and Construction Materials for a significant period of time and/or prevented plaintiff from having access to those things for a significant period of time.

26. In addition, Plaintiff did not consent to these acts. As a result, Plaintiff was harmed, suffering damages in an amount to be proven at the time of trial. Further, Defendants' conduct was a substantial factor in causing Plaintiff's harm.

27. By reason of the foregoing, Defendants acted with malice, fraud and/or oppression and as such, Plaintiff is entitled to an award of punitive damages in a sum according to proof at trial.

Fourth Count

### COMMON LAW ACCOUNTING

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED
AND DOES 1 THROUGH 50, INCLUSIVE)

28. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 12, 14 through 18, 20 through 22, and 24 through 27, inclusive, as if fully set forth herein.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are fiduciaries of Plaintiff herein, as Defendants are in a position of trust and confidence upon which Plaintiff reasonably relied. Plaintiff reasonably relied upon Defendants professional expertise and paid Defendants for Work Product and Construction Materials that were supposed to be appropriate and necessary for the Projects.

30. Plaintiff is informed and believes and thereon alleges that, due to Defendants failure to account for the Work Product and Construction Materials paid for by Plaintiff,

Defendants owe Plaintiff money in an amount that Plaintiff is ignorant of and that can only be ascertained through an accounting.

31. Additionally, Plaintiff is not in possession of the allegedly ordered Construction Materials and allegedly performed Work Product which Plaintiff paid for, and as a result, it is necessary to compel the Defendants to account for said property. The Construction Materials and are not in Plaintiff's possession or control and Plaintiff alleges that not all Work Product was provided to him for which he paid.

32. In order to determine the amount that Defendants owe to Plaintiff money for Construction Materials not purchased or Work Product never produced, an accounting of money and property is necessary.

## Fifth Count

### UNJUST ENRICHMENT

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED
AND DOES 1 THROUGH 50, INCLUSIVE)

33. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 12, 14 through 18, 20 through 22, 24 through 27, and 29 through 32, inclusive, as if fully set forth herein.

34. Plaintiff is informed and believes and thereon alleges that Defendants overcharged Plaintiff for the Construction Materials. In addition, Plaintiff alleges that Defendants charged Plaintiff for Construction Materials that were never purchased. Similarly, Defendants charged Plaintiff for Work Product that was never done or provided to Plaintiff.

35. Plaintiff further alleges that Defendants have been unjustly enriched as they improperly obtained a financial benefit from Plaintiff's payments for said Construction Materials and Work Product. Defendants have knowledge of the benefit conferred upon them

by Plaintiff. Defendants' acceptance and retention of the monetary benefit under the circumstances makes it inequitable for the Defendants to retain that benefit.

36. Accordingly, Plaintiff seeks restitution against Defendants for the recovery of those ill-gotten gains in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment as follows:

ON THE FIRST COUNT

1. Compensatory damages according to proof;

2. Consequential damages according to proof;

3. Prejudgment interest on damages according to proof; and

4. Punitive damages.

ON THE SECOND COUNT

1. For compensatory damages according to proof;

2. For consequential damages according to proof;

3. For prejudgment interest on damages according to proof; and

ON THE THIRD COUNT:

1. Compensatory damages according to proof;

2. Consequential damages according to proof;

3. Prejudgment interest on damages according to proof; and

4. Punitive damages.

ON THE FOURTH COUNT:

1. For an accounting of monies owed;

2. For an accounting of property paid for by the Plaintiff;

3. For a judgment against Defendants John D. Diamond, Diamond Phillips, Incorporated and Does 1 through 50 inclusive, for monies owed to the Plaintiff in an amount to be proven at trial.

4. For costs of suit.

ON THE FIFTH COUNT:

1. For restitution for ill-gotten gains for Construction Materials and Work Product paid for by Plaintiff in an amount to be proven at trial.

2. For costs of suit.

ON ALL COUNTS:

1. For such other relief that the court considers just and proper.

Dated: September 27, 2007

/s/ John W. Howard
_____
John W. Howard
Attorney for Plaintiff

////
////

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the *Federal Rules of Civil Procedure*.

/s/ John W. Howard

---

John W. Howard
Attorney for Plaintiff