1  Jeffrey H. Belote, No. 104218
   Oriet Cohen-Supple No. 206781
2  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
3  44 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  Telephone:    415.989.5900
   Facsimile:    415.989.0932
5  Email:        jbelote@cbmlaw.com
                 ocohen@cbmlaw.com
6
   Attorneys for Defendants
7  JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  VAN PHILLIPS,                          No. C073305 SI

12          Plaintiff,                     **ANSWER TO FIRST AMENDED COMPLAINT
                                           FOR FRAUD, BREACH OF CONTRACT,**
13      v.                                 **CONVERSION, COMMON LAW
                                           ACCOUNTING, AND UNJUST ENRICHMENT;**
14  JOHN D. DIAMOND; DIAMOND               **DEMAND FOR JURY TRIAL**
    PHILLIPS, INCORPORATED, an Illinois
15  Corporation,                           Judge: Honorable Susan Illston

16          Defendants.                    Complaint Filed: June 22, 2007
                                           Trial Date:      None set
17

18      Defendants JOHN D. DIAMOND ("Diamond") and DIAMOND PHILLIPS, INC.

19  ("DPI") (jointly hereinafter "Defendants") answer the First Amended Complaint ("FAC")

20  of Plaintiff VAN PHILLIPS ("Plaintiff"), and specifically denies liability or fault

21  whatsoever with respect to the matters complained of in the FAC, as follows:

22                                         I

23  <u>**ANSWER TO SPECIFIC ALLEGATIONS OF PLAINTIFF'S COMPLAINT**</u>

24      1.    Responding to the allegations of Paragraph 1, Defendants do not have

25  sufficient information to admit or deny these allegations and on that basis deny each and

26  every one of them.

27      2.    Responding to the allegations of paragraph 2, Defendants admit that

28  Diamond is a citizen of the state of Utah.

CBM-SF\SF378966.1                                              PAGE 1 OF 9

**ANSWER TO FIRST AMENDED COMPLAINT (NO. C073305 SI)**

1          3.    Responding to the allegations of paragraph 3, Defendants admit the

2    allegations contained therein.

3          4.    Responding to the allegations of Paragraph 4, Defendants do not have

4    sufficient information to admit or deny these allegations and on that basis deny each and

5    every one of them.

6          5.    Responding to the allegations of paragraph 5, Defendants admit they

7    provided architectural, engineering and interior design services to Plaintiff and further

8    admit the allegations contained therein, save and except for the term "work product"

9    which is not defined sufficiently to allow Defendants to admit or deny such allegation and

10   accordingly, on information and belief, Defendants deny they were to provide

11   architectural, engineering, and interior design "work product."

12         6.    Responding to the allegations of paragraph 6, Defendants admit the

13   allegations contained therein.

14         7.    Responding to the allegations of paragraph 7, Defendants admit that

15   Diamond did inform Plaintiff that DPI could purchase windows and doors through

16   Contractors Window Supply in Utah, and Plaintiff requested DPI to do so.  Save and

17   except for such facts, Defendants deny the remaining allegations of the paragraph.

18         8.    Responding to the allegations of paragraph 8, Defendants admit that

19   Plaintiff requested that DPI order windows and doors for projects known as the Green

20   House located in Little River, CA, the Farm House and Tea House both located in Albion,

21   CA, and the Sausalito Main House located in Sausalito, CA.  Defendants further admit

22   DPI did purchase windows and doors but Plaintiff failed to make complete payment for

23   such windows and doors and refused to take delivery or possession of such windows and

24   doors.  Defendants further admit that Plaintiff requested that DPI order plumbing fixtures

25   and appliances for the Green House and the Farm House.  Plaintiff did pay amounts

26   towards such purchase to DPI but due to changes in the scope of the projects by Plaintiff,

27   Plaintiff's order for the fixtures and appliances were cancelled and the Plaintiff was given

28

1  a credit for the payments made.  Save and except for such facts, Defendants deny the

2  remaining allegations of the paragraph.

3          9.      Responding to the allegations of paragraph 9, Defendants admit that

4  pursuant to the refusal of Plaintiff to take delivery of the windows and doors, the windows

5  and doors are being stored by Contractors Window Supply in Utah. Save and except for

6  such facts, Defendants deny the remaining allegations of the paragraph.

7          10.    Defendants deny the allegations of paragraph 10.

8          11.    Responding to the allegations of paragraph 11, the term "work product"

9  is not defined sufficiently to allow Defendants to admit or deny such allegation and

10 accordingly, on information and belief, Defendants deny the allegations of paragraph 11.

11         12.    Defendants deny the allegations of paragraph 12.

12         13.    Responding to the allegations of paragraph 13, Defendants reallege and

13 incorporate by reference their responses to the allegations contained in paragraphs 1

14 through 12.

15         14.    Defendants deny the allegations of paragraph 14.

16         15.    Defendants deny the allegations of paragraph 15.

17         16.    Defendants deny the allegations of paragraph 16.

18         17.    Defendants deny the allegations of paragraph 17.

19         18.    Defendants deny the allegations of paragraph 18.

20         19.    Responding to the allegations of paragraph 19, Defendants reallege and

21 incorporate by reference their responses to the allegations contained in paragraphs 1

22 through 12, 14 through 18.

23         20.    Responding to the allegations of paragraph 20, Defendants admit that

24 Plaintiff and Defendant entered into a contract whereby Defendants agreed to provide

25 architectural, engineering  and design services in exchange for money.  Defendants further

26 admit that DPI agreed to order certain construction materials for Plaintiff.  Save and

27 except for such facts, Defendants deny the remaining allegations of the paragraph.

28         21.    Defendants deny the allegations of paragraph 21.

1          22.    Defendants deny the allegations of paragraph 22.

2          23.    Responding to the allegations of paragraph 23, Defendants reallege and

3 incorporate by reference their responses to the allegations contained in paragraphs 1

4 through 12, 14 through 18, and 20 through 22.

5          24.    Responding to the allegations of paragraph 24, Defendants admit that

6 Plaintiff had a right to obtain possession and control of the windows and doors upon full

7 payment for such windows and doors and in anticipation of full payment Defendants

8 tendered possession of the windows and doors to Plaintiff who refused to accept

9 possession or control. Save and except for such facts, Defendants deny the remaining

10 allegations of the paragraph.

11          25.    Defendants deny the allegations of paragraph 25.

12          26.    Defendants deny the allegations of paragraph 26.

13          27.    Defendants deny the allegations of paragraph 27.

14          28.    Responding to the allegations of paragraph 28, Defendants reallege and

15 incorporate by reference their responses to the allegations contained in paragraphs 1

16 through 12, 14 through 18, and 24 through 27.

17          29.    Defendants deny the allegations of paragraph 29.

18          30.    Defendants deny the allegations of paragraph 30.

19          31.    Defendants deny the allegations of paragraph 31 to the extent it implies

20 that Plaintiff did not have it within his control at all times to obtain possession of the

21 windows and doors. Save and except for such facts, Defendants deny the remaining

22 allegations of the paragraph.

23          32.    Defendants deny the allegations of paragraph 31.

24          33.    Responding to the allegations of paragraph 33, Defendants reallege and

25 incorporate by reference their responses to the allegations contained in paragraphs 1

26 through 12, 14 through 18, and 24 through 27, and 29 through 32.

27          34.    Defendants deny the allegations of paragraph 34.

28          35.    Defendants deny the allegations of paragraph 35.

ANSWER TO FIRST AMENDED COMPLAINT (NO. C073305 SI)

## II

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants allege on information and belief that the claims alleged in the FAC are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Conduct of Others)

If Plaintiff suffered any damages, they were proximately caused, in whole or in part, by the tortious acts, omissions, and/or fault of Plaintiff, and/or other persons or entities, other than Defendants. Accordingly, Plaintiff's recovery from Defendants, if any, should be barred or, in the alternative, reduced in proportion to the percentage of Plaintiff's or other third parties' fault.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants allege that Plaintiff has unreasonably delayed in bringing this action, without good cause therefore. Said delay has directly resulted in prejudice to answering Defendants, and this action should be barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Fraud)

Plaintiff and his assignors are barred by the doctrine of unclean hands from asserting any claims against Defendants, due to their fraudulent, tortuous, and wrongful conduct.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

As to the causes of action based upon a purported contract or agreement, the answering Defendants allege that Plaintiff breached, repudiated, abandoned or otherwise inadequately performed any contract or agreement upon which the FAC is based.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants allege that this action is barred as to Plaintiff by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Full Performance or Payment)

As and for a further, separate and distinct answer and defense to the FAC on file herein, and to each and every purported cause of action contained therein, the answering Defendants allege that Defendant performed, satisfied and discharged any and all duties and obligations Defendants may have owed Plaintiff and/or any other individual or entity.

## TENTH AFFIRMATIVE DEFENSE

### (No Right for Award of Punitive Damages)

Plaintiff is not entitled to punitive or exemplary damages because Plaintiff fails to allege facts sufficient to warrant an award of punitive damages and has further incorporated claims for punitive damages within causes of action for which punitive damages are not allowed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Indemnification)

If Plaintiff recovers from Defendants, Defendants are entitled to indemnification, either in whole or in part, from Plaintiff and/or all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's losses, injuries, and damages, if there were any.

CBM-SF\SF378966.1

ANSWER TO FIRST AMENDED COMPLAINT (NO. C073305 SI)

1

TWELFTH AFFIRMATIVE DEFENSE

2

(Failure to Mitigate Damages)

3    Plaintiff has failed to mitigate or attempt to mitigate damages if in fact any

4  damages have been or will be sustained, and any recovery by Plaintiff must be diminished

5  or barred by reason thereof.

6

THIRTEENTH AFFIRMATIVE DEFENSE

7

(Consent)

8    The claims alleged in the FAC are barred by the doctrine of consent.

9

FOURTEENTH AFFIRMATIVE DEFENSE

10

(Waiver)

11    Plaintiff's action against Defendants is barred by the doctrine of waiver.

12

FIFTEENTH AFFIRMATIVE DEFENSE

13

(Set Off)

14    Some or all of Plaintiff's alleged damages, if any, should be set-off against

15  amounts that are due and owing to Defendants from Plaintiff.

16

SIXTEENTH AFFIRMATIVE DEFENSE

17

(Failure of Condition Precedent)

18    As to those causes of action based upon a contract or agreement, Defendants

19  allege the FAC, and each cause, is barred by Plaintiff's failure to perform or satisfy some

20  or all of the conditions precedent to any obligation of Defendants under any contract or

21  agreement.

22

SEVENTEENTH AFFIRMATIVE DEFENSE

23

(Privilege)

24    Defendants were privileged and justified in acting as they did.  Accordingly,

25  Defendants cannot be liable for restitution and Plaintiff is not entitled to any other relief.

26

27

28

CBM-SF\SF378966.1

ANSWER TO FIRST AMENDED COMPLAINT (NO. C073305 SI)

1    EIGHTEENTH AFFIRMATIVE DEFENSE

2    (Failure to Do Equity)

3    As to each and every purported cause of action contained in the Complaint,

4    Defendants allege that no relief may be obtained under the FAC or any purported cause of

5    action by reason of Plaintiff's failure to do equity in matters alleged in the FAC.

6    NINETEENTH AFFIRMATIVE DEFENSE

7    (Novation, Modification, Abandonment, Rescission)

8    As to any and all cause based upon a purported contract or agreement,

9    Defendants allege that such contracts or agreements have been the subject of oral and

10    written modifications, abandonment or mutual rescission and therefore, Plaintiff's action

11    is barred and/or Plaintiff's right of recovery as against Defendants, if any, is barred or

12    must be reduced accordingly.

13    TWENTIETH AFFIRMATIVE DEFENSE

14    (Prevention of Performance)

15    As to any and all causes of action based upon a purported contract or

16    agreement, Defendants allege that Plaintiff and/or other persons, entities or events

17    prevented Defendants' performance thereby discharging any obligation on the part of

18    Defendants to perform.

19    TWENTY-FIRST AFFIRMATIVE DEFENSE

20    (Unjust Enrichment)

21    Defendants allege that Plaintiff would be unjustly enriched if allowed to

22    recover on the claims alleged in his Complaint; therefore, such recovery is precluded.

23    **PRAYER FOR RELIEF**

24    WHEREFORE, this answering Cross-Defendant prays as follows:

25    1.    That Cross-Complainants take nothing by their Cross-Complaint and that

26    the same be dismissed forthwith as to this Cross-Defendant;

27    2.    For costs of suit herein incurred; and

28

CBM-SF\SF378966.1

ANSWER TO FIRST AMENDED COMPLAINT (NO. C073305 SI)

1    3.    For such other and further relief as this Court deems proper

2    Dated:  October 15, 2007

3                                         CARROLL, BURDICK & McDONOUGH LLP

4

5                                         By _____
                                                      Jeffrey H. Belote
6                                         Attorneys for Defendants
                                          JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC.
7

8                          **DEMAND FOR JURY TRIAL**

9    Defendants JOHN D. DIAMOND and DIAMOND PHILLIPS, INC. hereby request a

10   jury trial.

11                                        CARROLL, BURDICK & McDONOUGH LLP

12

13                                        By _____
                                                      Jeffrey H. Belote
14                                        Attorneys for Defendants
                                          JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBM-SF\SF378966.1                                                        PAGE 9 OF 9

ANSWER TO FIRST AMENDED COMPLAINT (NO. C073305 SI)

1

### CERTIFICATE OF SERVICE

2      I hereby certify that Defendants JOHN D. DIAMOND'S and DIAMOND

3 PHILLIPS, INC.'S Answer to First Amended Complaint for Fraud, Breach of Contract,

4 Conversion, Common Law Accounting, and Unjust Enrichment; Demand for Jury Trial

5 was served electronically on October 15, 2007, on the individuals on the attached Service

6 List.

7

8                                           Kelli R. Bremer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBM-SF\SF379561.1

CERTIFICATE OF SERVICE - CASE NO. C073305 SI

1

*Phillips v. Diamond, et al.*
USDC-Northern District, San Francisco Division, Action No. C073305 SI

2

SERVICE LIST

3

4

5

John W. Howard
JW Howard Attorneys, Ltd.
625 Broadway, Suite 1206
San Diego, CA  92101
(619) 234-2842
**Fax (619) 234-1716**
Email:     johnh@jwhowardattorneys.com

Attorneys for Plaintiff/Cross-Defendant Van L. Phillips

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBM-SF\SF379564.1

**SERVICE LIST; CASE NO. C073305 SI**