Jeffrey H. Belote, No. 104218
Oriet Cohen-Supple No. 206781
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:  415.989.5900
Facsimile:  415.989.0932
Email:  jbelote@cbmlaw.com
        ocohen@cbmlaw.com

Attorneys for Defendants
JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VAN PHILLIPS,<br><br>             Plaintiff,<br><br>     v.<br><br>JOHN D. DIAMOND; DIAMOND PHILLIPS, INCORPORATED, an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>             Defendants.<br><br>JOHN D. DIAMOND; DIAMOND PHILLIPS, INC., a Illinois corporation,<br><br>             Counter-Claimant,<br><br>     v.<br><br>VAN L. PHILLIPS, an individual,<br><br>             Cross-Defendants. | No. C073305 SI<br><br>**COUNTER-CLAIM FOR BREACH OF CONTRACT, COMMON COUNT, COMMON COUNT IN QUANTUM MERUIT, UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL**<br><br>Judge:  Honorable Susan Illston<br><br>Complaint Filed:  June 22, 2007<br>Trial Date:  None set |

Defendants and Counter-Claimants JOHN D. DIAMOND ("Diamond") and DIAMOND PHILLIPS, INC. ("DPI") (jointly "Counter-Claimants") hereby allege as follows:

///

///

## PARTIES

1. Counter-Claimant John D. Diamond is, and at all times relevant herein was, a citizen of the State of Utah.

2. Counter-Claimant Diamond Phillips, Inc., is, and at all times relevant herein was, a corporation licensed in the State of Illinois and doing business in the State of Utah.

3. Diamond and DPI are informed and believe and thereon allege that at all times relevant herein, Cross-Defendant VAN PHILLIPS ("Phillips") is and was a citizen of the State of California. Phillips is the brother-in-law of Diamond. Diamond is married to Phillip's sister, Lee Phillips who is also an officer of DPI and an interior designer employed by DPI.

## GENERAL ALLEGATIONS

4. In or around December of 2001, Phillips and Diamond on behalf of DPI entered into an oral agreement whereby Counter-Claimants agreed to provide architectural, engineering and interior design services to Phillips, and Phillips agreed to pay the normal and customary fees and costs of Counter-Claimants to DPI on a continuing basis for multiple projects. The oral contract provided that DPI would be paid for its work, labor, materials, and services.

5. Thereafter, Cross-Complainants provided architectural, engineering and design services to Phillips and Phillips paid for such services on multiple projects in Northern California until mid-2007. As was their custom and practice, Cross-Complainants generally charged Phillips a percentage of construction budget in addition to hourly fees for time spent with a markup on products or materials provided.

6. Counter-Claimants worked on many dozens of architectural and design projects for Phillips for a decade and Phillips expressed his satisfaction with the work of Counter-Claimants by paying invoices presented and by continuing to rehire them.

7. In or about 2004, Phillips expressed an interest in purchasing windows and doors for design projects then in progress with DPI. Phillips requested information

from Diamond about the possibility of purchasing windows and doors in Utah versus California as a cost-saving measure. Between 2004 and 2007, Diamond and Phillips discussed the possibility of DPI purchasing windows and doors for proposed construction projects owned by Phillips known as the Green House located in Little River, CA, the Farm House and Tea House both located in Albion, CA, the Sausalito Main House located in Sausalito, CA and the Sausalito Guest House located in Sausalito, Ca.

8. At the time, Counter-Claimants were providing architectural and engineering services on the same projects and in addition were providing architectural and engineering services on other projects known as Sherwood Forest, White Deer Mountain, Stillwell Point, and the Ranch House, all located in Northern California.

9. Diamond informed Phillips in substance that Diamond could purchase windows and doors in Utah from DPI's supplier, Contractors Window Supply, generally below prevailing California pricing. Phillips agreed to this arrangement and requested that DPI order the windows and doors for the above projects.

10. With respect to the Sausalito Guest House, Counter-Claimants purchased the windows and doors in 2004 or 2005 and Phillips paid for such windows and doors without complaint. Between 2005 and 2007, Counter-Claimants purchased the windows and doors for the Green House, Tea House, Farm House, and Sausalito Main House. Phillips paid towards the purchase of such windows and doors until approximately the end of 2006. In or about October of 2006, Phillips failed to make payment for windows and doors and continues to refuse to pay for all windows and doors. After the windows and doors were tendered for delivery to Phillips, Phillips refused to take delivery or possession of the windows and doors.

11. Thereafter, outstanding billing invoices were submitted to Phillips for architectural, engineering and design services and materials provided and/or tendered on the above referenced design and construction projects. Despite demand, Phillips has refused to pay for architectural and engineering services rendered and refused and failed

1 to pay for the complete cost of the windows and doors and further refused to accept
2 delivery of the windows and doors.

### FIRST CAUSE OF ACTION

### BREACH OF ORAL CONTRACT
### (By DPI Against Phillips)

12. Counter-Claimants incorporate herein by reference each and every allegation contained in paragraphs 1 through 11 with the same force and effect as if fully recited herein.

13. Phillips and Diamond entered into the oral agreement related to Cross-Complainants providing architectural, engineering and design services and the oral agreement related to DPI purchasing for the account of Phillips certain windows and doors for the design and construction projects set forth above. Diamond, on behalf of DPI, agreed to purchase windows and doors and Phillips agreed to pay for such windows and doors. In continuing to utilize the services of Counter-Claimants, Phillips expressly and impliedly agreed to pay the invoices for such services and materials.

14. Counter-Claimants fully performed all of the duties and obligations they were required to perform pursuant to the above oral agreements, in conformity with Phillip's instructions and provided architectural, engineering and design services to Phillips and purchased the windows and doors.

15. Phillips breached the oral agreements by failing to pay invoices when presented to him, by failing to pay for the invoices for the windows and doors, and by failing to accept tender of delivery and possession of the windows and doors that are currently housed in a warehouse in Utah.

16. As a result of Phillips breach of contract, DPI has been damaged in an amount to be determined at trial, plus liquidated, prejudgment interest at the legal rate. The approximate amount due to DPI for the windows and doors is the sum of $103,000, plus interest, storage, shipping and handling charges. The approximate amount due to DPI for architectural and design services for the above referenced design and construction

1  projects at Sherwood Forest, White Deer Mountain, Sausalito Main House, Stillwell
2  Point, the Ranch House, the Tea House, and the Green House, is $315,000, plus interest.
3  The approximate total due and owing by Phillips to DPI is $418,000.

4  WHEREFORE, DPI prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### COMMON COUNT
### (By DPI Against Phillips)

17. Counter-Claimants incorporate herein by reference each and every allegation contained in paragraphs 1 through 16 with the same force and effect as if fully recited herein.

18. Phillips became indebted to DPI for work, labor, services, and materials provided to Phillips at the specific request of Phillips. After providing all credits for payments made by Phillips, the balance of $418,000 was demanded in writing and is due to DPI for architectural and design services and work and materials. Phillips expressly and impliedly agreed to pay DPI this balance, plus all additional costs associated with such work, labor, services, and materials.

19. Although demanded by DPI, there is now due and owing and unpaid from Phillips to DPI the sum of $418,000, together with interest thereon from the time such payments become due, plus additional sums due and anticipated for storage, shipping and handling charges for the windows and doors.

WHEREFORE, DPI prays for relief as set forth below.

## THIRD CAUSE OF ACTION

### COMMON COUNT IN QUANTUM MERUIT
### (By DPI and Diamond Against Phillips)

20. Counter-Claimants incorporate herein by reference each and every allegation contained in paragraphs 1 through 16 with the same force and effect as if fully recited herein.

///

21. Counter-Claimants furnished work, labor, services and materials at the request of Phillips, for which Phillips agreed to pay to Plaintiff the reasonable value of such work, labor, services and materials.

22. The reasonable value of the work, labor, services and materials provided is $418,000 together with interest thereon from the time such payments become due, plus additional sums due and anticipated for storage, shipping and handling charges for the windows and doors.

23. Phillips has failed and refused, and continues to fail and refuse, to reimburse Counter-Claimants for the reasonable and customary value of Counter-Claimants work, labor, services and materials as required by law, and instead maintains that Phillips has overpaid Counter-Claimants and owes nothing further on account of the windows and doors.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT
### (By DPI and Diamond Against Phillips)

24. Counter-Claimants incorporate herein by reference each and every allegation contained in paragraphs 1 through 16 with the same force and effect as if fully recited herein.

25. Because of the conduct of Phillips and the reliance of Counter-Claimants, injustice would be avoided only by enforcing Phillips promises and representations, and paying to Counter-Claimants the equitable, fair and customary value for the work, labor, services and materials provided to Phillips.

26. If Phillips promises and representations are not enforced and Counter-Claimants are not provided the remedies prayed for herein, Phillips would be unjustly enriched by the equitable, fair and customary value of the work, labor, services and materials provided to Phillips.

27. As a result, the Counter-Claimants seek recovery of the equitable, fair and customary value of the work, labor, services and materials provided to Phillips, in an amount to be determined at trial, and a determination that no monies are owed to Cross-defendants.

### PRAYER

Counter-Claimants pray for judgment against Phillips as follows:

**On the First and Second Causes of Action:**

1. For damages in an amount to be proven at trial;
2. For costs of suit incurred herein;

**On the Third, Fourth and Fifth Causes of Action:**

3. For equitable damages in an amount to be proven at trial;
4. For costs of suit incurred herein;

**On All Causes of Action:**

5. For such other and further relief as the Court may deem proper.

Dated: October 15, 2007

CARROLL, BURDICK & McDONOUGH LLP

By _____
Jeffrey H. Belote
Attorneys for Defendants
JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC.

### DEMAND FOR JURY TRIAL

Defendants JOHN D. DIAMOND and DIAMOND PHILLIPS, INC. hereby request a jury trial.

CARROLL, BURDICK & McDONOUGH LLP

By _____
Jeffrey H. Belote
Attorneys for Defendants
JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC

## CERTIFICATE OF SERVICE

I hereby certify that Defendants JOHN D. DIAMOND'S and DIAMOND PHILLIPS, INC.'S Counter-Claim for Breach of Contract, Common Count, Common Count in Quantum Meruit, Unjust Enrichment; Demand for Jury Trial was served electronically on October 15, 2007, on the individuals on the attached Service List.

_____
Kelli R. Bremer

CBM-SF\SF379561.1

CERTIFICATE OF SERVICE - CASE NO. C073305 SI

*Phillips v. Diamond, et al.*
USDC-Northern District, San Francisco Division, Action No. C073305 SI

## SERVICE LIST

| | |
|---|---|
| John W. Howard<br>JW Howard Attorneys, Ltd.<br>625 Broadway, Suite 1206<br>San Diego, CA 92101<br>(619) 234-2842<br>**Fax (619) 234-1716**<br>Email:    johnh@jwhowardattorneys.com | Attorneys for Plaintiff/Cross-Defendant Van L. Phillips |

CBM-SF\SF379564.1

SERVICE LIST; CASE NO. C073305 SI