JOHN W. HOWARD, State Bar No. 80200
MICHELLE D. VOLK, State Bar No. 217151
JW Howard/Attorneys, LTD.
625 Broadway, Suite 1206
San Diego, California 92101
Telephone:   (619) 234-2842
Telefax:     (619) 234-1716
Email:       johnh@jwhowardattorneys.com
             michellev@jwhowardattorneys.com

Attorneys for Plaintiff, Van Phillips

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN PHILLIPS, an individual<br><br>Plaintiff,<br><br>-v-<br><br>JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED, an Illinois Corporation, AND DOES 1 THROUGH 50, INCLUSIVE<br><br>Defendants.<br><br>JOHN D. DIAMOND; DIAMOND PHILLIPS INC., a Illinois corporation,<br><br>Counter-Claimants<br><br>v.<br><br>VAN L. PHILLIPS, an individual,<br><br>Counter-Defendant | Case No. C073305 SI<br><br>**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26**<br><br>[Rule 26(f) Report] |

Plaintiff Van Phillips provides the following initial disclosures as required under FRCP Rule 26(f):

---

(A) **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying subjects of the information:**

1. Van Phillips. May be contacted through counsel. Mr. Phillips has knowledge regarding his communications and business dealings with John Diamond and Diamond Phillips related to the purchase of windows and doors for the projects at issue.

2. Rochelle Reagan. May be contacted through counsel for plaintiff. Ms. Reagan has knowledge regarding the billing and invoicing by Diamond Phillips related to the purchase of the doors and windows and the payments made for same.

3. Craig Callister, salesperson for Contractor's Window Supply (CWS), 9875 South 500 West, Sandy Utah 84070; Tel: (801)281-6999. Mr. Callister is the salesperson through whom John Diamond ordered the windows and doors for plaintiff's projects. Mr. Callister provided fake invoices to John Diamond which showed the retail price of the materials ordered. John Diamond charged the retail price when he promised to order the materials at his wholesale cost through CWS.

4. Charles Vanderwilt, President, Contractor's Window Supply (CWS), 9875 South 500 West, Sandy Utah 84070; Tel: (801)281-6999. Mr. Vanderwilt has knowledge of the authentic invoices produced by CWS and the amounts charged for the doors and windows.

5. Arloween Cazier, bookkeeper for Contractor's Window Supply (CWS),

9875 South 500 West, Sandy Utah 84070; Tel: (801)281-6999. Ms. Cazier has knowledge of CWS' business practices related to invoicing and billing for CWS and has knowledge of John Diamond's various accounts with CWS.

6.   John Diamond. May be contacted through his counsel. Mr. Diamond has knowledge of the doors and windows ordered on behalf of Van Phillips, his business practices related to marking up the costs of same.

7.   Lee Diamond-Phillips. Lee is the spouse of the defendant John Diamond and together they operate Diamond Phillips, Inc. Mrs. Diamond-Phillips has knowledge of the business practices of Diamond Phillips, Inc. and their policies for marking up materials ordered on behalf of clients including Van Phillips.

8.   David Tucker, CPA. Mr. Tucker is defendants' CPA. CPA Mortgage Services LLC, 2666 S. 2000 East, Ste 101, Salt Lake City, Utah 84109. Tel.: 801/466-3988 or 800-966-0394. Mr. Tucker may have knowledge regarding the amounts actually paid to the supply house, CWS, for the doors and windows. Mr. Tucker may have other information regarding fees, payments, charges and the like for the various projects.

**(B)   A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

All Diamond Phillips invoices for services provided and materials ordered for the following projects: the Farmhouse; Sausalito Guest House and Sausalito Main House; the Green House; the Tea House, Stillwell Point (also

known as Buckhorn Cove); The Ropes; Old Fellows Hall; the Gray House; Sherwood Forest; White Deer Mountain; and the Ranch House.

All invoices issued by Contractor's Window Supply which were given to plaintiff by John Diamond.

All invoices and related documentation for the doors and windows at issue received from Contractor's Window Supply pursuant to subpoena. Related documentation includes purchase orders, spec sheets, delivery receipts, purchase contracts and other similar documents showing which doors and windows were ordered. Related documentation also includes documents from the supplier, Loewen. The declaration signed by Mr. Vanderwilt from Contractor's Window Supply pursuant to subpoena.

All correspondence, including electronic emails, between or among Rochelle Reagan, Van Phillips, John Diamond and Lee Diamond Phillips related to the doors and windows in dispute.

All documentation related to Van Phillips' payments to Diamond Phillips for the projects and construction materials at issue, including but not limited to, bookkeeping reports, cancelled checks, etc.

All drawings, reports, designs, sketches, reports, and other architectural, engineering and interior design work product produced by John Diamond for the projects in dispute.

**(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under <u>Rule 34</u> the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

The entirety of the fees paid to Diamond Phillips for doors and windows from Contractor's Window Supply related to the Sausalito Main House which is approximately $32,200.00. The basis for these damages is that there was no order for this project, or it was cancelled prior to ordering. Defendants recently admitted that Plaintiff is owed this credit.

Not including the Sausalito project, plaintiff paid defendants $77,950 for doors and windows for which are not in plaintiff's possession but are being stored in Utah. In the event that these items allegedly in storage do not exist, then plaintiff is entitled to a refund. An itemization of the doors and windows in storage has not been conducted. Damages would be calculated by taking the amount paid for the doors and windows found in storage and subtracting that from $77,950.

The entirety of money paid to Diamond Phillips for plumbing fixtures and appliances for the projects in issue, the amount of which is at least $30,000.

No plumbing fixtures of appliances have been provided or documented. Defendants recently admitted that these items were never ordered and that plaintiff is entitled to credit of $30,000.

In addition, plaintiff needs to determine what services he paid for but did not receive as to architectural, engineering and interior design work for the projects at issue. Presently, plaintiff has insufficient documentation to determine this. An architect expert is required to determine what work was not completed but was in fact billed for. Defendants billed on percentage of completion basis. If it is found that the work product does not support the percentage of completion that plaintiff paid for, then plaintiff is entitled to reimbursement of the monies paid for services not rendered.

Because plaintiff is unaware of materials in storage and services actually rendered, his total amount of damages cannot be entirely calculated at this time. At a minimum, plaintiff is entitled to damages of $62,200 for materials never ordered as discussed above. Through discovery, plaintiff will obtain necessary documentation and analyze all relevant documents that exist in order to determine the total amount of damages.

All documents in plaintiff's possession, custody or control which support the above known damages will be made available for inspection and copying at plaintiff's counsel's office.

**(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no insurance policies of this type.

Dated: October 31, 2007

_____
Michelle D. Volk
Attorney for Plaintiff

---

7
PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 26

*Case No. C073305*