MICHELLE D. VOLK, SBN 217151
JOHN W. HOWARD, SBN 80200
J.W. HOWARD ATTORNEYS, LTD
625 Broadway, Suite 1206
San Diego, CA 92101
Tel: 619/234-2842
Fax: 619/234-1716
Attorney for Plaintiff, Van Phillips

Jeffrey H. Belote, SBN 104218
CARROLL, BURDICK & MCDONOUGH LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:   (415) 989-5900
Facsimile:    (415) 989-0932
Attorney for Defendants John D. Diamond and
Diamond Phillips, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VAN PHILLIPS, | CASE NO.:   C073305 SI |
| Plaintiff, | |
| v. | JOINT CASE MANAGEMENT STATEMENT<br>[Civil Local Rule 16-9] |
| JOHN DIAMOND, DIAMOND PHILLIPS, INCORPORTED an Illinois Corporation, AND DOES 1 THROUGH 50 INCLUSIVE, | |
| Defendants. | |
| _____/ | |

JOINT CASE MANAGEMENT STATEMENT

CASE NO.:  C073305 SI

CBM-SF\SF381573.1

**1. Jurisdiction and Service:** *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This court has subject matter jurisdiction because plaintiff resides in this judicial district and the dispute between the parties arose in this district. Defendants herein are non-California residents. The corporate defendant is incorporated in Illinois, but its principal place of business is in Utah. Mr. Diamond also resides in Utah. Other than Doe defendants, who have not yet been identified, all defendants have been served.

**2. Facts:** *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff's case is for fraud, breach of oral contract, conversion, common law accounting and unjust enrichment against his brother-in-law, John Diamond and his architecture firm, Diamond Phillips, Inc. Mr. Diamond is married to Mr. Phillips' sister, Lee Phillips-Diamond.

The dispute arose after plaintiff hired the defendants to provide architectural, engineering and interior design services for a myriad of construction/remodeling projects on properties owned by plaintiff in California. At the request of plaintiff, defendants ordered doors and windows from a supplier in Utah. The doors and windows were never delivered to the job sites and are currently stored in Utah where they remain to this day.

Essentially, plaintiff alleges that he and Mr. Diamond had an oral agreement whereby plaintiff would pay Mr. Diamond's cost for the materials and that they would not be marked up in any way.  No written contracts exist between the parties.   Plaintiff alleges that Mr. Diamond also told plaintiff that he would not have to pay sales tax on the materials.  Defendants dispute these assertions.

Plaintiff asserts he paid defendants over $100,000 for doors and windows, and further asserts he is unaware of what doors and windows were actually ordered.  Plaintiff alleges that defendants did not provide documentation or an itemization of the costs for each door and window.

Plaintiff also paid approximately $30,000 to defendants for plumbing fixtures and appliances.   There is a dispute between the parties as to whether the materials were received by the plaintiff and, if not, why they were not received.

As for the professional services rendered, plaintiff is asserting claims against the defendants for services he paid for but allegedly were never provided.  Defendants have provided documents to plaintiff related to the services performed, including but not limited to drawings and reports.

Since the filing of this lawsuit, the parties met (without their attorneys) to see if they could resolve the dispute regarding the doors and windows. Defendants' position is that they never agreed to provide the doors and windows to plaintiff at cost and assert that they always charge their clients a mark-up on construction materials.  Defendants further assert that the parties' past actions and conduct support this course of dealing.

Defendants have filed a counter-claim against plaintiff alleging breach of

contract, common count, common count in quantum meruit, and unjust enrichment. Defendants assert that plaintiff has failed to pay for services rendered for various architectural, engineering and design work for plaintiff on various projects in California in the approximate amount of $418,000.

**3. Legal Issues**: *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

There are no disputed points of law at this time.

**4. Motions:** *All prior and pending motions, their current status, and any anticipated motions.*

No motions have been filed or are pending. Further, it is too premature to predict whether plaintiff or defendants will file any motions in the future.

**5. Amendment of Pleadings:** *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff has already amended the complaint to include fraud, breach of oral contract and conversion. Plaintiff may file a counterclaim to defendants counterclaim for professional negligence as to all services provided on the projects placed at issue in the pleadings.

**6. Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-*

*destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Plaintiff's counsel has advised plaintiff in writing to keep any and all emails and other electronically recorded material for dissemination in discovery. Defendants' attorney has done likewise with defendants.

**7. Disclosures:** *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties believe they have made timely disclosure of non-party interested entities and parties, and initial disclosures pursuant to Federal Rules of Civil Procedure 26.

**8. Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

The only discovery conducted thus far is a subpoena issued to a third party requesting business records. Defendants counsel has made a request of plaintiff's counsel that plaintiff provide a copy of such documents produced pursuant to the subpoena and counsel for plaintiff has agreed to do so.

A proposed discovery plan is as follows:

| Type of Discovery | Proposed Date to be completed |
|---|---|
| Written discovery | January 30, 2007 |
| Physical inspection of site where materials stored (Utah) | December 2007 |
| Deposition of Def. John Diamond | January 2007 |
| Deposition of Plaintiff | January 2007 |
| Third party witness depositions | March/April 2008 |
| Expert depositions | April/May 2008 |

**9. Class Actions:** *If a class action, a proposal for how and when the class will be certified.*

    This is not a class action.


**10. Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    There are presently no related cases.


**11. Relief:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

    Complaint: Plaintiff seeks damages of $32,200 for doors and windows for the Sausalito project for which plaintiff alleges he paid. Defendants assert that credit has already been given.

Plaintiff alleges he paid $77,950 for all doors and windows, not including those for the Sausalito project. Plaintiff alleges if any doors and windows are not found in storage, then plaintiff is entitled to damages for paying for doors and windows that do not exist. Plaintiff alleges that in the event that an itemization cannot be found, the total value of the doors and windows in storage should be subtracted from the $77,950 actually paid.

Plaintiff alleges he is also entitled to $30,000 in damages for plumbing fixtures and appliances paid for but that were never provided. Defendants assert that plaintiff has already been given credit.

Plaintiff asserts he is also entitled to damages for services he paid the defendants for but believes were not completed by them. Defendants bill on a percentage of completion basis. Plaintiff asserts the percentages paid for will be compared with the work product provided to determine the percentage of work actually completed. This will require expert assistance through the services of an expert architect, who plaintiff has not yet hired.

Counter-claim: Defendants/Counter-Claimants assert plaintiff and Defendants/Counter-Claimants entered into the oral agreement related to Defendants/Counter-Claimants providing architectural, engineering and design services and the oral agreement related to Defendants/Counter-Claimants purchasing for the account of plaintiff certain doors and windows for design and construction projects. Defendants/Counter-Claimants agreed to purchase doors and windows and plaintiff agreed to pay for such doors and windows. In continuing to utilize the services of Defendants/Counter-Claimants, Defendants/Counter-Claimants assert plaintiff expressly and impliedly agreed to

pay the invoices for such services and materials.

At the time, Counter-Claimants were providing architectural and engineering services on the same projects and in addition were providing architectural and engineering services on other projects known as Sherwood Forest, White Deer Mountain, Stillwell Point, and the Ranch House, all located in Northern California.

Defendants/Counter-Claimants assert they informed plaintiff in substance that Defendants/Counter-Claimants could purchase doors and windows in Utah from Defendants/Counter-Claimants's supplier, Contractors Window Supply, generally below prevailing California pricing.  Defendants assert that Plaintiff agreed to this arrangement and requested that DPI order the doors and windows for the above projects.

With respect to the Sausalito Guest House, Defendants/Counter-Claimants claim to have purchased the doors and windows in 2004 or 2005 and plaintiff paid for such doors and windows without complaint.  Between 2005 and 2007, Defendants/Counter-Claimants claim to have purchased the doors and windows for the Green House, Tea House, Farm House, and Sausalito Main House.  Plaintiff paid towards the purchase of such doors and windows until approximately the end of 2006.  In or about October of 2006, Defendants/Counter-Claimants assert Plaintiff failed to make full and complete payment for doors and windows and continues to refuse to pay for all doors and windows.  Defendants/Counter-Claimants further assert that after the doors and windows were tendered for delivery to plaintiff, plaintiff refused to take delivery or possession of the doors and windows.

Thereafter, outstanding billing invoices were alleged to have been submitted to plaintiff for architectural, engineering and design services and materials provided and/or tendered on the above referenced design and construction projects. Defendants/Counter-Claimants assert that despite demand, plaintiff has refused to pay for architectural and engineering services rendered and refused and failed to pay for the complete cost of the doors and windows and further refused to accept delivery of the doors and windows.

Defendants/Counter-Claimants claim to have been damaged in an amount to be determined at trial, plus liquidated, prejudgment interest at the legal rate. The approximate amount due to Defendants/Counter-Claimants for the doors and windows is the sum of $103,000, plus continuing or anticipated interest, storage, shipping and handling charges. The approximate amount due to DPI for architectural and design services for the above referenced design and construction projects at Sherwood Forest, White Deer Mountain, Sausalito Main House, Stillwell Point, the Ranch House, the Tea House, and the Green House, is alleged to be $315,000, plus interest. Counter-Claimants alleged that the approximate total due and owing by Phillips to DPI is $418,000.

**12. Settlement and ADR:** *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have not participated in any formal ADR process to date. However, the parties, through their attorneys, have discussed ways to resolve the

case. So far, these discussions have not resulted in any type of settlement. The parties have agreed to mediate the case and have filed the appropriate form with the Court indicating such on October 17, 2007.

Defendant suggests that the parties retain experts early to evaluate the evidence and participate in mediation.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff does not consent to use of a magistrate judge for any purpose whatsoever and has filed the appropriate form asserting such objection.

**14. Other References:** *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe that this case is suitable for these ADR processes. Plaintiff believes that mediation would be the only ADR process which would prove useful. Defendants concur.

**15. Narrowing of Issues:** *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

(To be discussed among counsel)

The parties are agreeable to discussing stipulating to facts regarding the amount of monies paid to defendants, amounts of any credits given by defendants

for the various projects in dispute and stipulating to facts regarding the amount of monies owed by plaintiff.

**16. Expedited Schedule:** Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

In light of the necessity of expert assistance, expedited procedures are not recommended.

**17. Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

(To be discussed among counsel)

| Event | Proposed Dates |
| --- | --- |
| Designation of Experts | April 1, 2008 |
| Discovery cutoff | June 30, 2008 |
| Last day to hear discovery motions | August 15, 2008 |
| Discovery cutoff for experts | August 15, 2008 |
| Last day to hear expert discovery motions | September 15, 2008 |
| Pretrial Conf. | October 15, 2008 |
| Trial | November 1, 2008 |

**18. Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded a jury trial. Plaintiff estimates a 7 to 10 day jury

JOINT CASE MANAGEMENT STATEMENT

CASE NO.: C073305 SI

CBM-SF\SF381573.1

trial. Defendants have demanded a jury trial. Defendants estimate 5 to 10 day jury trial.

**19. Disclosure of Non-party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.* **In addition**, *each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

All parties have filed a Certification of Interested Entities or Persons as required. As set forth therein, the persons with an interest in the outcome of this proceeding are as follows:

**1. Lee Phillips-Diamond.** Lee is the spouse of defendant John Diamond and is a partner in the business entity known as Diamond Phillips, Inc., also a defendant herein. Mr. and Mrs. Diamond run this business together. Accordingly, Mrs. Phillips-Diamond has a financial interest in the outcome of the lawsuit in connection with both named defendants.

**2. Contractor's Windows & Supply, Inc.,** 9875 South 500 West, Sandy, Utah, 84070. This supplier is the corporation through which doors and windows were allegedly ordered and purchased by the defendant using plaintiff's money. Because defendants herein allege that plaintiff owes money to this supplier for construction materials, the specifics of which are unknown to the

plaintiff, the supplier has a potential financial interest in the outcome of this litigation.

Defendants' statement of interested entities or persons concurs with plaintiff.

Dated: October 31, 2007

_____
John W. Howard
Attorney for Plaintiff
Van Phillips

Dated: October 31, 2007

_____
Jeffrey H. Belote
Attorney for Defendants John Diamond and Diamond Phillips, Incorporated