JOHN W. HOWARD, State Bar No. 80200
MICHELLE D. VOLK, State Bar No. 217151
JW Howard/Attorneys, LTD.
625 Broadway, Suite 1206
San Diego, California 92101
Telephone:   (619) 234-2842
Telefax:     (619) 234-1716
Email:       johnh@jwhowardattorneys.com
             michellev@jwhowardattorneys.com

Attorneys for Plaintiff, Van Phillips

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN PHILLIPS, an individual<br>      Plaintiff,<br><br>      -v-<br><br>JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED, an Illinois Corporation, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>      Defendants.<br><br>JOHN D. DIAMOND; DIAMOND PHILLIPS INC., an Illinois corporation,<br><br>      Counter-Claimants<br><br>      v.<br><br>VAN L. PHILLIPS, an individual,<br><br>      Counter-Defendant<br><br>VAN PHILLIPS, an individual,<br><br>      Cross-Claimant<br><br>      v. | Case No. C073305 SI<br><br>**PLAINTIFF'S CROSS-CLAIM TO DEFENDANTS' COUNTER-CLAIM** |

1
PLAINTIFF'S CROSS-CLAIM TO DEFENDANTS' COUNTER-CLAIM
*Case No. C073305*

| | |
|---|---|
| JOHN D. DIAMOND; DIAMOND PHILLIPS, INC. an Illinois corporation, | ) ) ) |
| Cross-Defendants | ) ) ) |

1. Cross-Claimant, Van Phillips, is and was at all times mentioned herein, a citizen of the State of California in the County of Mendocino.

2. Cross-Defendant John D. Diamond is and was at all times mentioned herein a citizen of the State of Utah.

3. Cross-Defendant Diamond Phillips, Incorporated is a corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Utah.

4. Venue is proper in this Court, as Cross-Claimant resides in this district and the claim arose in this district.

5. Cross-Claimant hired the Defendants herein to provide architectural, engineering and interior design services for several construction projects situated on real property owned by Plaintiff. Defendants were to provide architectural, engineering and interior design work product (collectively, "Work Product") for Plaintiff's projects.

6. These construction projects (collectively referred to as "Projects"), all located in California, are more specifically described as: Sausalito Guest House project on San Carlos Avenue in Sausalito; Sausalito Main House project on San Carlos Avenue in Sausalito; Green House project in Mendocino; Farm House project on Navarro Ridge Road in Albion; Tea House project in Albion; Stillwell Point/Buckhorn Cove; The Ropes project in the City of Little River; Old Fellows Hall project on Ukiah Street in Mendocino; Gray House project on Navarro Ridge Road in Albion; Sherwood Forest/White Deer Mountain; and the Ranch House.

7. Cross-Claimants have paid Cross-Defendants large sums of money for Work Product on the above Projects. Additionally, Cross-Defendants have charged Cross-Claimants for professional services and have demanded payment for such services as set forth in Cross-Defendants' Counter-Claim.

8. However, Cross-Claimants are unaware of the totality of services provided because they are not in possession of all Work Product. Additionally, Cross-Defendants have failed to provide sufficient documentation to prove that the services were actually provided. Consequently, it is unclear how much work, if any, the Cross-Defendants performed on each Project.

9. In addition, the Work Product that was produced or performed by Cross-Defendants was either substandard or incomplete. As such, the services provided were negligently performed and fell below the standard of care for those particular types of work. As such, Cross-Defendants are liable to Cross-Claimant for their professional negligence.

First Count

**PROFESSIONAL NEGLIGENCE**

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED)

10. Cross-Claimant realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 9 inclusive, as if fully set forth herein.

11. Cross-Claimant alleges that Cross-Defendants and each of them, including the ROE Cross-Defendants, negligent performed work that Cross-Claimant hired them to do for the various Projects listed above.

12. As a result of Cross-Defendants' negligence, Cross-Claimant was harmed.

13. Cross-Defendants' negligence was a substantial factor in causing Cross-

Claimant's harm.

14. As such, Cross-Defendants are liable to Cross-Claimants in an amount to be proven at trial.

Second Count

## CONVERSION

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED)

15. Cross-Claimant realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 9, and 11 through 14, inclusive, as if fully set forth herein.

16. Cross-Claimants owned and had a right to possess all the Work Product for all Projects that he paid for. In some instances, Cross-Claimants paid Cross-Defendants for Work Product that was never completed. Thus, Cross-Defendants wrongfully converted Cross-Claimant's Work Product or money for their own benefit for long periods of time.

17. Cross-Defendants intentionally took possession of Cross-Claimant's money and Work Product for all Projects for a significant period of time and/or prevented Cross-Claimant from having access to those things for a significant period of time.

18. In addition, Cross-Claimants did not consent to these acts. As a result, Cross-Claimant was harmed, suffering damages in an amount to be proven at the time of trial. Further, Cross-Defendants' conduct was a substantial factor in causing Cross-Claimant's harm.

19. By reason of the foregoing, Cross-Defendants acted with malice, fraud and/or oppression and as such, Cross-Claimant is entitled to an award of punitive damages in a sum according to proof at trial.

20. Moreover, Cross-Claimant is entitled to fair compensation for the time and

money properly expended in pursuit of the return of his property, pursuant to California *Civil Code* Section 3336.

Third Count

**UNJUST ENRICHMENT**

(Against JOHN D. DIAMOND, DIAMOND PHILLIPS, INCORPORATED)

21.  Cross-Claimant realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 9, and 11 through 14, and 16 through 20, inclusive, as if fully set forth herein.

22.  Cross-Claimant is informed and believes and thereon alleges that Defendants overcharged Plaintiff for Work Product allegedly performed. In addition, Similarly, Defendants charged Plaintiff for Work Product that was never done or provided to Plaintiff.

23.  Cross-Claimant further alleges that Cross-Defendants have been unjustly enriched as they improperly obtained a financial benefit from Cross-Claimant's payments for Work Product on all Projects. Cross-Defendants have knowledge of the benefit conferred upon them by Cross-Claimant. Cross-Defendants' acceptance and retention of the monetary benefit under the circumstances makes it inequitable for the Cross-Defendants to retain that benefit.

24.  Accordingly, Cross-Claimant seeks restitution against Cross-Defendants for the recovery of those ill-gotten gains in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment as follows:

ON THE FIRST COUNT

1.  Compensatory damages according to proof;

2.  Consequential damages according to proof; and

3. Prejudgment interest on damages according to proof.

ON THE SECOND COUNT

1. For compensatory damages according to proof;

2. For consequential damages according to proof;

3. For prejudgment interest on damages according to proof;

4. For fair compensation for the time and money properly expended in pursuit of the return of Cross-Claimant's property, pursuant to California *Civil Code* Section 3336; and

5. For punitive damages.

ON THE THIRD COUNT:

1. For restitution for ill-gotten gains for construction material and Work Product paid for by Cross-Claimant in an amount to be proven at trial.

ON ALL COUNTS:

1. For costs of suit and such other relief that the court considers just and proper.

Dated: November 7, 2007                    /s/ John W. Howard

                                           _____
                                           John W. Howard
                                           Attorney for Cross-Claimant

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the *Federal Rules of Civil Procedure.*

                                           /s/ John W. Howard

                                           _____
                                           John W. Howard
                                           Attorney for Plaintiff