Jeffrey H. Belote, No. 104218
Oriet Cohen-Supple No. 206781
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: 415.989.5900
Facsimile: 415.989.0932
Email: jbelote@cbmlaw.com
ocohen@cbmlaw.com

Attorneys for Defendants
JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VAN PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN D. DIAMOND; DIAMOND PHILLIPS, INCORPORATED, an Illinois Corporation,<br><br>Defendants. | No. C073305 SI<br><br>**ANSWER TO PLAINTIFF'S CROSS-CLAIM TO DEFENDANTS' COUNTER-CLAIM FOR PROFESSIONAL NEGLIGENCE, CONVERSION AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL**<br><br>Judge: Honorable Susan Illston<br><br>Complaint Filed: June 22, 2007<br>Trial Date: None set |

Defendants JOHN D. DIAMOND ("Diamond") and DIAMOND PHILLIPS, INC. ("DPI") (jointly hereinafter "Defendants") answer the Cross-Claim of Plaintiff VAN PHILLIPS ("Plaintiff"), and specifically deny liability or fault whatsoever with respect to the matters complained of in the Cross-Claim ("XC"), as follows:

## I

## OBJECTION TO CROSS-CLAIM

Diamond and DPI object to the filing of the pleading of Plaintiff entitled Plaintiff's Cross-Claim to Defendants Counter-Claim. While termed a "cross-claim," such document is not a cross-claim as a cross-claim is against a co-party. FRCP § 13(g). Rule 15 is the proper procedure for asserting a claim against Diamond and DPI. Plaintiff

has failed to seek leave to amend and Diamond and DPI object on that basis and request the Cross-Claim be dismissed as improper and without justification.

Alternatively, Diamond and DPI allege as follows:

## II

## ANSWER TO SPECIFIC ALLEGATIONS OF PLAINTIFF'S CROSS-CLAIM

1. Responding to the allegations of Paragraph 1, Defendants do not have sufficient information to admit or deny these allegations and on that basis deny each and every one of them.

2. Responding to the allegations of paragraph 2, Defendants admit that Diamond is a citizen of the state of Utah.

3. Responding to the allegations of paragraph 3, Defendants admit the allegations contained therein.

4. Responding to the allegations of Paragraph 4, Defendants do not have sufficient information to admit or deny these allegations and on that basis deny each and every one of them.

5. Responding to the allegations of paragraph 5, Defendants admit they provided architectural, engineering and interior design services to Plaintiff and further admit the allegations contained therein, save and except for the term "work product" which is not defined sufficiently to allow Defendants to admit or deny such allegation and accordingly, on information and belief, Defendants deny they were to provide architectural, engineering, and interior design "work product."

6. Responding to the allegations of paragraph 6, between 2004 and 2007, Diamond and Phillips discussed the possibility of DPI purchasing windows and doors for proposed construction projects owned by Phillips known as the Green House located in Little River, CA, the Farm House and Tea House both located in Albion, CA, the Sausalito Main House located in Sausalito, CA and the Sausalito Guest House located in Sausalito, CA. At the time, Counter-Claimants were providing architectural and engineering services on the same projects and in addition were providing architectural and

engineering services on other projects known as Sherwood Forest, White Deer Mountain, Stillwell Point, and the Ranch House, all located in Northern California. Save and except for such facts, Defendants deny the remaining allegations of the paragraph.

7. Responding to the allegations of paragraph 7, Defendants admit that Diamond and Phillips did perform professional services and demanded payment for such services and were paid in part for such services. Save and except for such facts, Defendants deny the remaining allegations of the paragraph.

8. Responding to the allegations of paragraph 8, Defendants deny that they failed to provide sufficient documentation for the services performed. Defendants do not have sufficient information to admit or deny the remaining allegations and on that basis deny each and every one of them.

9. Responding to the allegations of paragraph 9, the term "work product" is not defined sufficiently to allow Defendants to admit or deny such allegation and accordingly, on information and belief, Defendants deny the allegations of paragraph 9.

10. Responding to the allegations of paragraph 10, Defendants reallege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 9.

11. Responding to the allegations of paragraph 11, Defendants deny the allegations of paragraphs 11.

12. Responding to the allegations of paragraph 12, Defendants deny the allegations of paragraph 12.

13. Responding to the allegations of paragraph 13, Defendants deny the allegations of paragraph 13.

14. Responding to the allegations of paragraph 14, Defendants deny the allegations of paragraph 14.

15. Responding to the allegations of paragraph 15, Defendants reallege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 9, and 11 through 14.

16. Responding to the allegations of paragraph 16, Defendants admit that Plaintiff and Defendant entered into a contract whereby Defendants agreed to provide architectural, engineering and design services in exchange for money. Defendants further admit that DPI agreed to order certain construction materials for Plaintiff. Save and except for such facts, Defendants deny the remaining allegations of the paragraph.

17. Responding to the allegations of paragraph 17, Defendants deny the allegations of paragraph 17.

18. Defendants admit that Plaintiff consented to all actions of Defendants as they relate to services performed by such Defendants for Plaintiff. Except therefore, Defendants deny the allegations of paragraph 18.

19. Responding to the allegations of paragraph 19, Defendants deny the allegations of paragraph 19.

20. Responding to the allegations of paragraph 20, Defendants deny the remaining allegations of paragraph 20.

21. Responding to the allegations of paragraph 21, Defendants reallege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 9, 11 through 14, and 16 through 20.

22. Responding to the allegations of paragraph 22, the term "work product" is not defined sufficiently to allow Defendants to admit or deny such allegation and accordingly, on information and belief, Defendants deny the allegations of paragraph 22 and specifically deny that Defendants overcharged Plaintiff for anything.

23. Responding to the allegations of paragraph 23, Defendants deny the allegations of paragraph 23.

24. Responding to the allegations of paragraph 24, Defendants deny the allegations of paragraph 24.

## III

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The FAC fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendants allege on information and belief that the claims alleged in the XC are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Conduct of Others)

If Plaintiff suffered any damages, they were proximately caused, in whole or in part, by the tortious acts, omissions, and/or fault of Plaintiff, and/or other persons or entities, other than Defendants. Accordingly, Plaintiff's recovery from Defendants, if any, should be barred or, in the alternative, reduced in proportion to the percentage of Plaintiff's or other third parties' fault.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

Defendants allege that Plaintiff has unreasonably delayed in bringing this action, without good cause therefore. Said delay has directly resulted in prejudice to answering Defendants, and this action should be barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands/Fraud)

Plaintiff and his assignors are barred by the doctrine of unclean hands from asserting any claims against Defendants, due to their fraudulent, tortious, and wrongful conduct.

SIXTH AFFIRMATIVE DEFENSE

(Breach of Contract)

As to the causes of action based upon a purported contract or agreement, the answering Defendants allege that Plaintiff breached, repudiated, abandoned or otherwise inadequately performed any contract or agreement upon which the XC is based.

SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendants allege that this action is barred as to Plaintiff by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

(Full Performance or Payment)

As and for a further, separate and distinct answer and defense to the XC on file herein, and to each and every purported cause of action contained therein, the answering Defendants allege that Defendant performed, satisfied and discharged any and all duties and obligations Defendants may have owed Plaintiff and/or any other individual or entity.

NINTH AFFIRMATIVE DEFENSE

(No Right for Award of Punitive Damages)

Plaintiff is not entitled to punitive or exemplary damages because Plaintiff fails to allege facts sufficient to warrant an award of punitive damages and has further incorporated claims for punitive damages within causes of action for which punitive damages are not allowed.

TENTH AFFIRMATIVE DEFENSE

(Indemnification)

If Plaintiff recovers from Defendants, Defendants are entitled to indemnification, either in whole or in part, from Plaintiff and/or all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's losses, injuries, and damages, if there were any.

ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff has failed to mitigate or attempt to mitigate damages if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

TWELFTH AFFIRMATIVE DEFENSE

(Consent)

The claims alleged in the XC are barred by the doctrine of consent.

THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's action against Defendants is barred by the doctrine of waiver.

FOURTEENTH AFFIRMATIVE DEFENSE

(Set Off)

Some or all of Plaintiff's alleged damages, if any, should be set-off against amounts that are due and owing to Defendants from Plaintiff.

FIFTEENTH AFFIRMATIVE DEFENSE

(Failure of Condition Precedent)

As to those causes of action based upon a contract or agreement, Defendants allege the XC, and each cause, is barred by Plaintiff's failure to perform or satisfy some or all of the conditions precedent to any obligation of Defendants under any contract or agreement.

SIXTEENTH AFFIRMATIVE DEFENSE

(Privilege)

Defendants were privileged and justified in acting as they did. Accordingly, Defendants cannot be liable for restitution and Plaintiff is not entitled to any other relief.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Do Equity)

As to each and every purported cause of action contained in the XC, Defendants allege that no relief may be obtained under the XC or any purported cause of action by reason of Plaintiff's failure to do equity in matters alleged in the XC.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Novation, Modification, Abandonment, Rescission)

As to any and all cause based upon a purported contract or agreement, Defendants allege that such contracts or agreements have been the subject of oral and written modifications, abandonment or mutual rescission and therefore, Plaintiff's action is barred and/or Plaintiff's right of recovery as against Defendants, if any, is barred or must be reduced accordingly.

NINETEENTH AFFIRMATIVE DEFENSE

(Prevention of Performance)

As to any and all causes of action based upon a purported contract or agreement, Defendants allege that Plaintiff and/or other persons, entities or events prevented Defendants' performance thereby discharging any obligation on the part of Defendants to perform.

TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Defendants allege that Plaintiff would be unjustly enriched if allowed to recover on the claims alleged in his XC; therefore, such recovery is precluded.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure To Comply With Rule 13 and 15)

Defendants allege that Plaintiff has failed to comply with Rule 13 and Rule 15 as more specifically stated above.

///

///

PRAYER FOR RELIEF

WHEREFORE, this answering Defendant prays as follows:

1. That Cross-Claimant takes nothing by his Cross-Claim and that the same be dismissed forthwith as to this Defendant;

2. For costs of suit herein incurred; and

3. For such other and further relief as this Court deems proper

Dated: January 9, 2008

CARROLL, BURDICK & McDONOUGH LLP

By ______________________
Jeffrey H. Belote
Attorneys for Defendants
JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC.

**DEMAND FOR JURY TRIAL**

Defendants JOHN D. DIAMOND and DIAMOND PHILLIPS, INC. hereby request a jury trial.

Dated: January 9, 2008

CARROLL, BURDICK & McDONOUGH LLP

By ______________________
Jeffrey H. Belote
Attorneys for Defendants
JOHN D. DIAMOND; and DIAMOND PHILLIPS, INC

**CERTIFICATE OF SERVICE**

I hereby certify that Defendants' ANSWER TO PLAINTIFF'S CROSS-CLAIM TO DEFENDANTS' COUNTER-CLAIM FOR PROFESSIONAL NEGLIGENCE, CONVERSION AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL was served electronically on January 9, 2008, on the individuals on the attached Service List.

Kelli R. Bremer

CBM-SF\SF379561.1

*Phillips v. Diamond, et al.*
USDC-Northern District, San Francisco Division, Action No. C073305 SI

**SERVICE LIST**

| | |
|---|---|
| John W. Howard<br>JW Howard Attorneys, Ltd.<br>625 Broadway, Suite 1206<br>San Diego, CA 92101<br>(619) 234-2842<br>**Fax (619) 234-1716**<br>Email: johnh@jwhowardattorneys.com | Attorneys for Plaintiff/Cross-Defendant Van L. Phillips |